IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JAMES ADAMSON, JR. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | C.A. No. 4:23-CV-990-MP |
| LINCOLN NATIONAL LIFE INSURANCE COMPANY | § | |
| | § | |
| | § | |
| Defendant. | § | |

**COUNTER-DEFENDANT'S ANSWER TO COUNTER-PLAINTIFF'S COUNTERCLAIM**

Counter-Defendant, James Adamson, Jr., ("Counter-Defendant" or "Adamson") files this Counter-Defendant's Answer to Counter-Plaintiff's Counterclaim, and in support respectively shows the Court as follows:

This action involves a dispute over the denial of a claim for long-term disability benefits under a disability insurance policy governed by ERISA and administered by The Lincoln National Life Insurance Company ("Counter-Plaintiff" or "Lincoln"). Adamson filed his complaint on February 1, 2023. Counter-Plaintiff answered and filed its counterclaim on March 3, 2023. There are no other motions pending before this Court.

**COUNTERCLAIM ¶ 1 ANSWER:**

Adamson denies the allegations in Counterclaim Paragraph No. 1. Specifically, Adamson denies that Lincoln conferred a benefit upon Adamson that was not warranted under the terms of the Plan.

Lincoln asserts state law counterclaims for breach of contract and unjust enrichment,

respectively. However, ERISA's expansive preemption provision,[1] preempts Liberty Life's state law counterclaims. [2] Further, a federal common law cause of action for unjust enrichment also fails. That is because,"[i]n enacting § 1132(a), Congress appears to have chosen to proscribe the type of monetary relief sought on a claim of unjust enrichment leaving no 'gap' needing filling by the creation of a federal common law remedy." [3] "Declining to recognize a claim for unjust enrichment will not frustrate the policies of ERISA because the Court has already recognized that SGS has a claim for equitable relief under the statute."[4] Therefore, the Defendant's counterclaims for breach of contract and unjust enrichment both fail.

Lincoln seeks a constructive trust to be imposed over any benefits from either Lincoln or the Social Security Administration currently in the possession of Plaintiff to recover an overpayment of Social Security benefits. (Countercl. at 18). ERISA's civil enforcement provision allows a plan fiduciary to sue "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan[.]" [5] The Fifth Circuit has outlined a three-part inquiry to determine whether the requested relief is equitable: "Does the plan seek to recover funds (1) that are specifically identifiable, (2) that belong in good conscience to the plan, and (3) that are within the possession and control of

---

[1] 29 U.S.C. § 1144.

[2] *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 209, 124 S. Ct. 2488, 159 L. Ed. 2d 312 (2004) ("[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted.").

[3] *Int'l Painters & Allied Trades Ind. Pension Fund v. Aragones*, No. 8:07-cv-1138-T-23TBM, 2008 U.S. Dist. LEXIS 53660, 2008 WL 2415025, at *8 (M.D. Fla. June 12, 2008).

[4] *Space Gateway Support v. Prieth*, 371 F. Supp. 2d 1364, 1370 (M.D. Fla. 2005).

[5] 29 U.S.C. § 1132(a)(3).

the defendant beneficiary?"[6]

Lincoln's restitution claim would be equitable only if Lincoln "specifically identifie[s] a particular fund, distinct from the [plaintiff's] general assets . . . and a particular share of that fund to which [Lincoln is] entitled." [7] Lincoln has not identified a specific amount of funds in its request for a constructive trust. Lincoln has no claim in equity for the return of benefits paid to Plaintiff by Lincoln, nor for Plaintiff's general Social Security benefits. Lincoln has not alleged that the funds mentioned are within the possession or control of Plaintiff.

Here, Lincoln does not appear to be seeking to enforce a constructive trust on a specifically identified fund or a specific portion of a fund, but "over *any* benefits from either Lincoln or the Social Security Administration currently in the possession of Plaintiff[,]" which would appear to be Plaintiff's general assets. (Countercl. at 18) (emphasis added). Lincoln has not asserted a property interest in its own overpayment of benefits, but rather in Plaintiff's general Social Security benefits and benefits previously paid by Lincoln. The Supreme Court has explained that "one feature of equitable restitution [is] that it [seeks] to impose a constructive trust or equitable lien on particular funds or property in the defendant's possession." [8] Finally, Lincoln does not allege that the fund is within Plaintiff's control.[9] Therefore, because Lincoln has not alleged sufficient facts to state a cause of action for equitable relief under 29 U.S.C. § 1132(a)(3), its counterclaim seeking a constructive trust also fails.

Counter-Plaintiff's Counterclaim states that "Lincoln is entitled to recover. . . attorneys'

---

[6] *Prieth*, at 1369 (quoting *Bombardier Aerospace Employee Welfare Benefits Plan v. Ferrer, Poirot & Wansbrough*, 354 F.3d 348, 358 n.43 (5th Cir. 2003)).

[7] *Sereboff v. Mid Atl. Med. Servs.*, 547 U.S. 356, 364, 126 S. Ct. 1869, 164 L. Ed. 2d 612 (2006).

[8] *Id*.at 362.

[9] *See Popowski v. Parrott*, 461 F.3d 1367, 1373-74 (11th Cir. 2006) (interpreting two subrogation and reimbursement provisions in light of *Sereboff*).

fees . . . .” (Countercl. at 18). Under ERISA, "the court in its discretion may allow a reasonable attorneys' fee and costs of action to either party." 29 U.S.C. §1132(g)(1). To guide a court in exercising the discretion granted by § 1132(g)(1), the Supreme Court found that a fees claimant must show “some degree of success on the merits” before a court may award attorney’s fees under § 1132(g)(1). *Hardt v. Reliance Std. Life Ins. Co.*, 130 S. Ct. 2149, 2158 (2010) (citing) *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983). Counter-Plaintiff’s claim for attorney’s fees pursuant to 29 U.S.C. § 1132 (g) is premature because it has not achieved any success on the merits. Therefore, the court should deny its request for attorney’s fees.

**PRAYER**

Adamson requests that the Court enter judgment, denying Lincoln’s request for legal damages, and that Adamson be awarded any such other and further relief for which he may be entitled.

Respectfully submitted,

MARC WHITEHEAD & ASSOCIATES, ATTORNEYS AT LAW L.L.P.

By: _/s/ Madison Tate Donaldson_____
Madison Tate Donaldson
Tex. Bar No. 24105812
Fed. I.D. No. 3151467
madison@marcwhitehead.com
Marc S. Whitehead
Tex. Bar No. 00785238
Fed. I.D. No. 15465
marc@marcwhitehead.com

403 Heights Boulevard
Houston, Texas 77007
Telephone: 713-228-8888
Facsimile: 713-225-0940
ATTORNEY-IN-CHARGE

FOR COUNTER-DEFENDANT,
JAMES ADAMSON, JR.

**CERTIFICATE OF SERVICE**

I, Madison Donaldson, do hereby certify that on this 17th day of March 2023, a true and correct copy of Counter-Defendant's Answer to Counter-Plaintiff's Counterclaim was electronically filed with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court and the electronic case filing system sent a 'Notice of Electronic Filing' to the following CM/ECF Registrants:

Iwana Rademaekers
Law Offices of Iwana Rademaekers, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254

/s/ Madison Donaldson
Madison Donaldson