**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JAMES ADAMSON, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No. 4:23cv00099-P** |
| **LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>JOINT REPORT REGARDING CONTENTS OF SCHEDULING ORDER</u>**

Plaintiff James Adamson, Jr. ("Adamson") and Defendant Lincoln Life Assurance Company of Boston ("Lincoln"), through counsel of record, conferred on and file this Joint Report Regarding Contents of Scheduling Order pursuant to the Court's Order dated October 25, 2018 as follows:

1. **A statement detailing the date on which the Scheduling Conference was held, the location of the Scheduling Conference, the names of the attorneys present, a statement regarding whether meaningful progress toward settlement was made and-–without disclosing settlement figures-–a statement regarding the prospect of settlement:**

A conference was held via Zoom on March 21, 2023, and was attended by Madison Tate Donaldson on behalf of Plaintiff and Iwana Rademaekers on behalf of Defendant. The parties have discussed settlement offers and negotiations are ongoing.

2. **A brief statement of claims and defenses:**

Plaintiff's claims arise under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Sec. 1001, et seq. Plaintiff seeks disability benefits under a group benefits program ("Plan") in which Plaintiff was a participant as a result of his employment. Plaintiff alleges Lincoln wrongfully denied his claim for further benefits. Lincoln alleges that Plaintiff cannot recover from Lincoln because the decisions made on Plaintiff's claim for benefits were not an abuse of discretion based on the administrative record for the claim and the relevant plan documents. Lincoln has also brought a counterclaim to recover the benefit overpayment that resulted when Plaintiff received a retroactive award of disability benefits from the

Social Security Administration. Both Plaintiff and Defendant have claimed attorneys' fees pursuant to 29 U.S.C. § 1132(e).

**3. Proposed time limit to amend pleadings and join parties:**

The Parties propose that motions to amend pleadings or to join other parties be filed by: May 22, 2023.

**4. Proposed time limits to file various types of motions, including dispositive motions:**

The Parties propose that dispositive motions be filed by October 9, 2023.

**5. A proposed time limit for initial designation of experts and responsive designation experts:**

The Parties shall make initial expert designations by July 10, 2023.
The Parties shall make responsive expert designations by July 24, 2023.

**6. A proposed time limit for objections to experts (i.e. *Daubert* and similar motions):**

The Parties shall make objections to expert designations by August 7, 2023.

**7. A proposed plan and schedule for discovery, a statement on the subjects on which discovery maybe needed, time limit for completing factual and expert discovery, and a statement of whether discovery should be conducted in phases:**

The subjects on which discovery may be needed include the relevant documents governing the plan, the administrative record, and offsets under the plan documents. Plaintiff may seek additional discovery pertaining to Defendant's conflict in administering Plaintiff's claim. Discovery is expected to be completed by August 21, 2023, and does not need to be conducted in phases.

**8. A statement on whether any limitations on discovery need to be imposed, and if so, what limitations:**

As this is an ERISA benefits case, Defendant believes no discovery beyond the Administrative Record is appropriate. Plaintiff contends that discovery is appropriate.

**9. A statement on how to disclose and conduct discovery on electronically stored information ("ESI") and any statement on disputes regarding the disclosure and/or discovery of ESI:**

ESI will be reduced to and produced (1) in .pdf format, if possible, otherwise in native format, or (2) as the parties may mutually agree. There are no ESI disputes.

**10. Any proposals regarding the handling and protection of privileged or trial-preparation material that should be reflected in a Court Order:**

The parties do not anticipate any issues regarding attorney-client privilege. Should there be any issue regarding claims of privilege or of protection of documents as trial-preparation materials after production, the parties anticipate they will be able to resolve these through agreement.

**11. A proposed trial date, the estimated number of days for trial, and whether a jury has been demanded:**

A jury has not been demanded in this case. The parties believe that the case will be resolved through summary judgment procedure, with the possibility of jointly filing a stipulated record. However, if a trial is needed, the Parties estimate that 1-2 days will be required and propose a trial date in December 2023.

12. **A proposed mediation deadline:** July 24, 2023.

**13. A statement as to when and how disclosures under Fed. R. Civ. P. 26(a)(1) were made or will be made:**

Lincoln has already produced to Plaintiff a copy of the ERISA administrative record. The parties agree that this production will satisfy the requirement for Initial Disclosures pursuant to FRCP 26(a)(1)(B).

**14. A statement as to whether the parties will consent to a trial (jury or bench) before United States Magistrate Judges Cureton or Ray:**

The Parties will not consent to the referral of this case to a Magistrate Judge.

**15. Whether a conference with the Court is desired, and if so, a brief explanation why:**

The Parties do not feel that a conference with the Court is necessary at this time.

**16. Any other proposals on scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial, and other orders that the court should enter under Fed. R. Civ. P. 16(b), 16(c), and 26(c):**

Because this is an action governed by ERISA, the parties request that the Court enter a briefing schedule, and propose that the Stipulated Record be filed by September 5, 2023, the parties' Opening Briefs be filed on October 3, 2023, and the parties' Response Briefs on October 17, 2023.

Respectfully submitted,

LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

By: /s/ Iwana Rademaekers
Iwana Rademaekers, Esq.
Texas Bar No. 16452560

ATTORNEYS FOR DEFENDANT

**AND**

MARC WHITEHEAD & ASSOCIATES
403 Heights Blvd
Houston, Texas 77007
PH: (713) 228-8888
FX: (713) 225-0940

By: /s/ Marc S. Whitehead (w/permission)
Marc S. Whitehead, Attorney-in-Charge
State Bar of Texas No. 00785238
Email: marc@marcwhitehead.com
Madison Tate Donaldson
State Bar of Texas No. 24083158
Email: madison@marcwhitehead.com
J. Anthony Vessel
State Bar of Texas No. 24084019
Email: anthony@mrcwhiteheac.com
Britney Anne Heath McDonald
State Bar of Texas No. 24083158
Email: britney@marcwhitehead.com

Selina Valdez
State Bar of Texas No. 24121872
Email: selina@marcwhitehead.com

*-and-*

By: /s/ Luke Radney (w/permission)
Luke Radney
Burt Barr & Associates, L.L.P.
Tex. Bar No. 24105812
203 East Colorao
Dallas, Texas 75203
Email: lradney@bbarr.com

ATTORNEYS FOR PLAINTIFF